UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD LEMA KUPSKY,

    Plaintiff,

v.                                                Case No. 19-C-265

BONIS,
YORK, and
MOON,

    Defendants.

---

**ORDER**

---

Plaintiff Ronald Lema Kupsky, who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Kupsky also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*).

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Kupsky has accumulated at least three strikes, including: (1) *Kupsky v. McLaren*, Case No. 18-CV-0385-WCG (E.D. Wis.), dismissed at screening for failure to state a claim; (2) *Kupsky v. Blintz*, Case No. 18-CV-0585-WCG (E.D. Wis.), dismissed at screening for failure to state a claim; (3) *Kupsky v. Outagamie County*, Case No. 18-CV-0757-LA (E.D. Wis.), dismissed at screening for failure to state a claim and on absolute immunity grounds; (4) *Kupsky v. McLaren*, USCA No. 18-2270 (7th Cir.), affirmed district court's dismissal for failure to state a claim and assessed an additional strike; and (5) *Kupsky v. Outagamie County*, USCA No. 18-2958 (7th Cir.), affirmed district court's dismissal on absolute immunity grounds and assessed an additional strike. Because Kupsky has previously filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim, the court will deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782).

Kupsky asserts that, in December 2018, he had his family order him a publication entitled *So I'm a Spider - So What?*, which he claims is part of a book series recommended for ages 13-18.

He alleges that he received notice on December 28, 2018, that he would not be allowed to have the book because of its content. While not clear from his complaint, Kupsky appears to allege that the defendants denied him access to the book because it contained "nude/scantily clad clothing in it," ECF No. 1 at 3, which Kupsky denies. Kupsky then filed an inmate complaint; the January 14, 2019 response to his complaint reiterated that he would not be allowed to have the book. He claims that his First Amendment rights were violated and that he was denied equal protection of the laws because another inmate has the same book. These allegations do not meet the imminent danger requirement, as Kupsky does not allege an ongoing or imminent serious physical injury. Accordingly, Kupsky's motion for leave to proceed without prepayment of the filing fee will be denied.

The fact that this court is denying Kupsky's request to proceed without prepayment of the filing fee means that the full filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Kupsky pays the full filing fee within 14 days, the court will screen his complaint under 28 U.S.C. § 1915A. Failure to pay in full within the time limit will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that Kupsky's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Kupsky shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within 14 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Kupsky's failure to comply with this order will result in dismissal of this case.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Kupsky is confined.

Dated this   21st   day of February, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court