UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD LEMA KUPSKY,

        Plaintiff,

    v.                                 Case No. 19-C-265

BONIS,
YORK, and
MOON,

        Defendants.


## SCREENING ORDER


Plaintiff Ronald Lema Kupsky, who is currently serving a state prison sentence at Waupun

Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging

that his civil rights were violated. Kupsky also filed a motion to proceed without prepayment of the

filing fee. On February 21, 2019, the court denied Kupsky's motion to proceed without prepayment

of the filing fee because of his restricted filer status and directed him to pay the full filing fee of

$400 within 14 days. Kupsky has timely paid the full filing fee, and the court will now screen his

complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim

is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Kupsky alleges that, in December 2018, he had his family order him a book entitled *So I'm a Spider - So What?*, which is a part of a Japanese light novel series that is listed on Barnesandnoble.com as recommended for ages 13-18. Kupsky alleges that, on December 28, 2018, he received notice from York that he would not be allowed to have the book because it was (1) not accompanied by an itemized vendor receipt or itemized packing slip, (2) teaches or advocates behavior that violates the laws of Wisconsin, the United States, or the rules of the Department of Corrections (DOC), (3) teaches or advocates violence and presents a clear and present danger to institutional security, and (4) is "injurious" as defined in Wisconsin Administrative Code § DOC 309.04(4)(c)8. *See* ECF No. 1-1 at 3.

Following notice that he was denied the book, Kupsky filed an inmate complaint. On January 14, 2019, Kupsky received a response to his complaint from Moon, stating that SSD Supervisor Bonis would not allow him to have the book because it was inconsistent with his rehabilitative goals and was therefore "injurious" under § DOC 309.04(4)(c)(8). Specifically, Moon's response noted that the book's "subject matter contains nudity [and] depics [sic] your [sic] girls in scantily clad clothing" and that, per Bonis, Kupsky was prohibited from exposure to such content. ECF No. 1-1 at 1. Kupsky denies that the book has nude and/or scantily clad clothing in it. An attachment to Kupsky's complaint shows that he appealed the dismissal of his complaint. *See id.* at 2. On January 22, 2019, the Corrections Complaint Examiner recommended that Kupsky's appeal be dismissed because the institution's response that the book was not in the best interest of Kupsky's rehabilitative needs was reasonable. *Id.*

Kupsky commenced this action on February 19, 2019, alleging that his First Amendment rights were violated and that he was denied equal protection of the laws because other inmates were allowed to have the book he was denied. *See* ECF No. 1 at 3.

## THE COURT'S ANALYSIS

Kupsky has stated a First Amendment claim against Bonis, York, and Moon in their individual capacities. "A prison's refusal to allow an inmate access to a book 'presents a substantial First Amendment issue. Freedom of speech is not merely freedom to speak; it is also freedom to read.'" *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (quoting *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005)). "Forbidding someone the right to read shuts 'him out of the marketplace of ideas and opinions,' which is what the Free Speech Clause protects." *Id.* (quoting *King*, 415 F.3d at 638). Prisons may have valid penological reasons for limiting prison

3

inmates' access to certain books. *Id.* While prisons have "great latitude" in limiting prisoners'

reading material, *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009), "[g]reat latitude is not the

same as unreviewable discretion." *Payton v. Cannon*, 806 F.3d 1109, 1110 (7th Cir. 2015). "When

a prison regulation restricts a prisoner's First Amendment right to free speech, it is valid only if it

is reasonably related to legitimate penological interests." *Lindell v. Frank*, 377 F.3d 655, 657 (7th

Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 79 (1987)). Kupsky alleges that the defendants

denied him access to a book and that their reason for the denial was unfounded. These allegations

are sufficient to state a First Amendment claim. Whether the restriction is reasonably related to a

legitimate penological interest is not a question the court considers at this screening stage. *See, e.g.*,

*Robbins v. Foster*, 723 F. App'x 368 (7th Cir. 2018) (affirming a district court's grant of summary

judgment for the defendants on a First Amendment claim for the denial of access to a book where

the denial was made under Wisconsin Administrative Code § DOC 309.04(4)(c)(8)).

Kupsky has also stated a Fourteenth Amendment equal protection claim against Bonis, York,

and Moon in their individual capacities. To allege a class-of-one equal protection claim, a plaintiff

must allege that he "has been intentionally treated differently from others similarly situated and that

there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S.

562, 564 (2000). Kupsky's allegations that he was denied access to a book that other inmates were

allowed to have and that he was denied the book for an illegitimate reason are sufficient to state an

equal protection claim. At this screening stage, the court cannot tell whether the other inmates who

were allowed access to the book were similarly situated to Kupsky or whether, if they were, the

defendants had a rational basis for the differential treatment. Given that the court must construe pro

4

se complaints liberally, *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir. 1980), Kupsky may proceed past screening on his equal protection claim.

In sum, Kupsky can proceed on his First and Fourteenth Amendment claims against Bonis, York, and Moon. Kupsky also alleges in passing that the defendants' lies about the content of the book he was denied constituted an excessive use of force, but he fails to state such a claim because lies do not amount to a use of force, much less a use of physical force, cognizable under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992) (noting that an Eighth Amendment excessive force claim requires more than an allegation of *de minimis* use of physical force).

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge David E. Jones for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this __5th__ day of March, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court